**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| GERARDO ARISTIZABAL, individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM INC.; JAK LOGISTICS, INC.; KERAJ INDUSTRIES INC.; and DOES 1 through 20 independent service providers, inclusive<br><br>*Defendants.* | Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Named Plaintiff Gerardo Aristizabal ("Named Plaintiff"), individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through his undersigned counsel of record, hereby sets forth this collective and class action against Defendants FedEx Ground Package System Inc. ("FedEx"); JAK Logistics, Inc. ("JAK"); Keraj Industries Inc. ("Keraj"); and DOES 1 through 20 independent service providers, inclusive (collectively, "Defendants"), and alleges as follows:

**<u>NATURE OF ACTION AND INTRODUCTORY STATEMENT</u>**

1.      Named Plaintiff brings this action on behalf of himself and other similarly situated individuals who have been employed by FedEx through intermediary employers, including Defendants JAK Logistics, Inc. and Keraj Industries Inc., to perform delivery services on FedEx's behalf and who were not compensated for all of their hours worked and have been eligible to receive overtime pay but have not been paid time-and-a-half compensation for their hours worked in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

1

§ 201, *et seq.*, the Virginia Minimum Wage Act ("VMWA"), Virginia Code §§ 40.1-28.8 *et seq.*; and the Virginia Wage Payment Act ("VWPA"), Virginia Code §§ 40.1-29 *et seq*.

2.      Named Plaintiff brings this action for violations of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class in Virginia:

> All individuals who were, are, or will be employed by Defendants in Virginia as delivery drivers, or other similar positions, who were not compensated for all of their hours worked, including, but not limited to, time and one-half their regular rate for all hours worked above forty (40) per week, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

3.      Defendants are liable for their failure to pay Plaintiffs for all work performed and at the proper overtime rate for hours worked above forty (40) per week.

4.      Plaintiffs who elect to participate in this FLSA collective action seek compensation for all work performed for Defendants, including compensation at time and one-half Plaintiffs' regular rate for all hours worked above forty (40) per week. Plaintiffs seek compensation at their appropriate regular rate for all hours worked up to forty (40) per week, appropriate overtime rate for all hours worked in excess of forty (40) per week, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

5.      Named Plaintiff also brings this action, on his own behalf, and as a representative of similarly situated current, former, or future delivery drivers, or similar positions, employed by Defendants in Virginia, under the VMWA and VWPA.  Named Plaintiff, who is a Virginia resident, and who worked for Defendants in Virginia, asserts that he and the putative class, who work or worked in Virginia for Defendants, are entitled to compensation for all hours worked for Defendants, whether the work week totaled greater or fewer than forty (40) hours, compensation at the appropriate overtime rate for all hours worked in excess of forty (40) per week, an equal

amount of liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to Virginia Code §§ 40.1-28.8, *et seq.,* and 40.1-29 *et seq.*

6.     Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendants' employees in Virginia:

> All individuals who were, are, or will be employed by Defendants in Virginia as delivery drivers, or other similar positions who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

7.     Named Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly situated in Virginia to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs, expenses, and penalties pursuant to Virginia Code §§ 40.1-28.8 *et seq.*, 40.1-29 *et seq.*, and 29 U.S.C. §§ 201, *et. seq.*

## JURISDICTION AND VENUE

8.     Named Plaintiff brings this collective and class action against Defendants for violations of Virginia Code §§ 40.1-28.8 *et seq.*, 40.1-29 *et seq.*, and 29 U.S.C. §§ 201, *et. seq.*

9.     This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10.     Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims under the VMWA and VWPA because those state law claims arise out of the same nucleus of operative fact as the FLSA claims.

11.     This Court has jurisdiction over Defendants because, upon information and belief, they are citizens of the United States, have sufficient minimum contacts in Virginia, or otherwise intentionally availed themselves of the Virginia market so as to render the exercise of jurisdiction

over them by Federal and Virginia courts consistent with traditional notions of fair play and substantial justice.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within the Eastern District of Virginia, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## COVERAGE

13.     At all relevant times, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), the VMWA, and the VWPA.

14.     At all relevant times, Named Plaintiff and all others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206, 207.

15.     At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## PARTIES

16.     Named Plaintiff is a resident of Virginia. Named Plaintiff worked for Defendants in Virginia during the relevant time period.

17.     Named Plaintiff is informed, believes, and alleges, that Defendants, at all times hereinafter mentioned, were and are employers as defined in and subject to the FLSA and Virginia

Code §§ 40.1-28.9, whose employees were and are engaged throughout this district and the Commonwealth of Virginia.

18.     Defendant FedEx Ground Package System Inc., is a corporation organized under Delaware law, headquartered in Pennsylvania, and has its principal place of business located at 1000 Fed Ex Dr, Coraopolis, PA, 15108. Defendant FedEx Ground Package System Inc., Entity ID: F0600389, is licensed to, and does, practice business in the Commonwealth of Virginia, with their Registered Agent being C T Corporation System at 4701 Cox Rd Ste 285, Glen Allen, VA, 23060 – 6808.

19.     Defendant JAK Logistics, Inc., is a corporation organized under Maryland law, headquartered in Maryland, and has its principal place of business located at 113 Berrywood Dr., Severna Park, MD, 21146. Defendant JAK Logistics, Inc., Entity ID: F2004234, is licensed to, and does, practice business in the Commonwealth of Virginia, with their Registered Agent being David M Knasel at 1921 Gallows Road, 9th Floor, Tysons, VA, 22182 – 0000.

20.     Defendant Keraj Industries Inc., is a corporation organized under Maryland law, headquartered in Maryland, and has its principal place of business located at 113 Berrywood Dr., Severna Park, MD, 21146. Defendant Keraj Industries Inc., Entity ID: F1840612, is licensed to, and does, perform business in the Commonwealth of Virginia, with their Registered Agent also being David M Knasel at 1921 Gallows Road, 9th Floor, Tysons, VA, 22182 – 0000.

21.     Named Plaintiff is unaware of the true names or capacities of the Defendants sued herein, under the fictitious names DOES 1 through 20 independent service providers but will seek leave of this Court to amend this Complaint and serve such fictitiously named Defendants once their names and capacities become known.

22.     Defendants are enterprises engaged in commerce under the FLSA because material hereto they had an annual gross volume of sales of more than $500,000.00.

23.     At all times relevant, Defendants were Named Plaintiff's employers and the employers of all other similarly situated individuals as defined by the FLSA and applicable state law.

24.     During the period from April 2020 until on or about March 26, 2021, Named Plaintiff was employed by Defendants as a delivery driver. In this capacity, Named Plaintiff performed substantial and ongoing employment duties for the benefit of Defendants in the Commonwealth of Virginia.

25.     Named Plaintiff is informed, believes, and alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant pursuant to a joint employer relationship. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the class members.

26.     Named Plaintiff is informed, believes, and alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, acting as the agent or alter ego for each other, with legal authority to act on each other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of all Defendants, collectively.

27.     At all relevant times, each Defendant acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant

times, each Defendant aided and abetted the acts and omissions of all other Defendants in proximately causing the damages herein alleged.

28.     Named Plaintiff is informed, believes, and alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

29.     By acting as the Named Plaintiff in this action, Named Plaintiff, by including his name on the caption of this Collective and Class Action Complaint, affirms his written consent to participate as a plaintiff in a collective action to seek unpaid wages and damages under the FLSA and to act as a class representative for the Federal Rule 23 class claims alleged herein.

## FACTUAL ALLEGATIONS

30.     FedEx operates a package pickup and delivery business servicing customers throughout the United States.

31.     FedEx employs hundreds of package delivery drivers within Virginia, including Named Plaintiff and others similarly situated, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs), including Defendants JAK and Keraj; (b) are classified as "employees" of the FedEx ISPs; (c) are not compensated for all of their hours worked; (d) have worked more than forty hours per week delivering packages for Defendants but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (e) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

32.     Named Plaintiff, as well as similarly situated delivery drivers, are jointly employed by the ISPs and FedEx.

33.     At all relevant times, FedEx and ISPs are joint employers pursuant to 29 C.F.R. §
791.2.

34.     Named Plaintiff was jointly employed by FedEx, JAK, and Keraj as a delivery
driver throughout his employment.

35.     Named Plaintiff's primary duties were to load a FedEx van with packages at a
FedEx terminal and deliver packages to residences and businesses.

36.     Named Plaintiff was informed by his management that he would receive a piece-
rate compensation of $1.35 per stop. However, as evidenced by his paystubs, Named Plaintiff
never received this promised piece-rate compensation, and was instead paid lump sums per week
with no clear or consistent basis or explanation for his pay.

37.     For example, for each week from May 16, 2020, to July 31, 2020, Named Plaintiff
was paid the same rate of $750 per week, despite completing differing amounts of stops per week
and working varying hours per week.

38.     Upon information and belief, all other delivery drivers are also paid a fixed lump
sum per week regardless of how many hours they worked within a week or how many stops they
complete within a week.

39.     Before instituting the ISP model of employing its delivery drivers through
intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported
to classify as "independent contractors," pursuant to standard operating agreements that FedEx
required its drivers to sign. After years of defending litigation challenging the employment status
of these drivers around the country – during which time multiple courts around the country held
that FedEx misclassified its delivery drivers as independent contractors when they were actually

FedEx's employees under various state wage laws[1] – FedEx shifted its method of hiring drivers in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

40.     FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

41.     However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

42.     FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Named Plaintiff and other delivery drivers.

43.     Named Plaintiff and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

44.     Named Plaintiff and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

---

[1] *See, e.g., Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66, (Kan. 2014); *Alexander et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 997 (9th Cir. 2014); *Slayman et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1046-47 (9th Cir. 2014).

45.     The services rendered by Named Plaintiff and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery and Named Plaintiff and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

46.     Named Plaintiff and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

47.     FedEx manages the manner in which Named Plaintiff and other delivery drivers working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

(a)     FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

(b)     FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

(c)     FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

(d)     FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

(e)     FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

(f)     FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

(g)     Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

(h)     FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated;

(i)     FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

48.     FedEx drivers, including drivers such as Named Plaintiff who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

49.     For example, for the majority of his employment, Named Plaintiff regularly worked as a delivery driver five (5) days per week, except for his first two (2) to three (3) months of employment when he was scheduled to work up to six (6) days. He regularly worked from approximately 7:00 or 7:30 a.m. until around 6:00 p.m., totaling more than 50 hours each week.

50.     However, during "peak season," delivery drivers, including Named Plaintiff, work significantly more hours per week.

51.     The "peak season" begins after Thanksgiving and concludes in mid-January. Named Plaintiff, like other delivery drivers, routinely worked in excess of 12 hours per day, 5 days per week during the "peak season."

52.     Named Plaintiff, as well as other delivery drivers throughout Virginia who have worked under FedEx's ISPs, have driven vehicle weighing less than 10,001 pounds. They are thus eligible for overtime pay under the FLSA and state law.

53.     However, Named Plaintiff, as well as other delivery drivers throughout Virginia who have worked under FedEx's ISPs and have driven trucks weighing less than 10,001 pounds, have not received overtime pay for their work beyond 40 hours per week.

54.     Because Defendants are these drivers' employers under the FLSA and state law, Defendants are liable to them for the unpaid overtime.

55.     By establishing and engaging in a system in which FedEx employs delivery drivers through intermediary ISPs, so as to distance itself from its responsibilities under the FLSA and state law, Defendants have acted in reckless disregard of the drivers' rights. Defendants have known or should have known that their delivery drivers have not been paid the overtime they are owed.

56.     However, regardless of Defendants' actual or constructive knowledge of this fact, they are liable for any overtime payments due to their delivery drivers.

57.     Additionally, Defendants, through their actions, directives, and policies, mandated that Named Plaintiff and other delivery drivers perform work for which they were not fully compensated.

58.     Defendants' failure to compensate delivery drivers for all hours worked and for overtime hours worked over forty (40) each week has affected all Plaintiffs similarly.

59.     Upon information and belief, Plaintiffs have complained numerous times to Defendants regarding their compensation, but Defendants have persisted in their practice and policy of not properly compensating their employees.

60.     Defendants are individually and jointly liable for compliance with the FLSA and Virginia state law, including overtime requirements for the entire workweek.

61.     Defendants have agreed to allocate responsibility for the essential terms and conditions of delivery drivers' employment.

62.     At all times, relevant to this Complaint; Named Plaintiff, and similarly situated delivery drivers, are non-exempt employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63.     Named Plaintiff brings the First Cause of Action of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees.

64.     Members of the FLSA class are similarly situated.

65.     Members of the FLSA class have substantially similar job requirements and pay provisions, and are subject to common practices, policies, or plans that fail to compensate them for all work performed.

66.     There are numerous (in excess of 100) similarly situated current and former delivery drivers, or similar positions that fall within the scope of the aforementioned FLSA class.

67.     These similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Members of the proposed FLSA class, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

68.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

69.     Named Plaintiff consents in writing to assert his claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b).  Named Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

70.     Named Plaintiff requests that he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## RULE 23 VMWA AND VWPA CLASS ACTION ALLEGATIONS

71.     Named Plaintiff brings the Second, Third, and Fourth Causes of Action of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the VMWA and VWPA, Virginia Code §§ 40.1-28.8 *et seq.*, and 40.1-29 *et seq.*

72.     Named Plaintiff brings his state law counts for violations of the VMWA and VWPA as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the VMWA and VWPA and failure to pay all wages due and owing pursuant to Defendants' written employment contract and/or compensation plan and/or Defendants' failure to pay full reasonable consideration for all compensable work duties performed for Defendants' benefit.

73.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named Plaintiff and the putative Class Plaintiffs.

74.     Members of the Class and/or any Subclasses will be collectively referred to as "class members."  Named Plaintiff reserves the right to re-define the Class and add additional Subclasses as appropriate based on investigation, discovery, and specific theories of liability.

75.     <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all putative class members have been harmed by Defendants' failure to lawfully compensate them.  The common questions of law and fact include, but are not limited to, the following:

(a)     Whether all work performed by putative Class Members is compensable under the VMWA and/or VWPA;

(b)     Whether Defendants failed to compensate putative Class Members at the earned, accrued, and/or promised rate for all hours worked up to forty (40) each week;

(c)     Whether Defendants failed to compensate putative Class Members at the earned, accrued, and/or promised rate for all hours worked in excess of forty (40) each week;

(d)     Whether Defendants failed to compensate putative Class Members for all of their earned, accrued, and/or promised wages, including, but not limited to, straight time and overtime on their regular pay date, in violation of the VMWA and/or VWPA;

(e)     Whether Defendants failed to provide accurate itemized wage statements to Named Plaintiff and class members; and

(g)     Whether Defendants' conduct was willful, reckless, or was done knowingly.

76.     There is a well-defined community of interest in this litigation and the proposed Class is readily ascertainable:

(a)     Numerosity:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of class members is unknown to Named Plaintiff at this time, upon information and belief, the class comprises at least 100 individuals.  The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     Typicality: The claims of the Named Plaintiff are typical of the claims which could be alleged by any member of the putative Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All putative Class Members were subject to the same compensation practices of Defendants, as alleged herein, of failing to pay employees for all work performed. Defendants' compensation policies and practices affected all putative Class Members similarly, and Defendants benefited from the same type of unfair and/or unlawful acts as to each putative Class Member. Named Plaintiff and members of the proposed Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

(c)     Adequacy of Representation: Named Plaintiff will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due him and the Class.  Named Plaintiff's attorneys, as proposed class counsel, are

competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Named Plaintiff has incurred, and throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action.  Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties.  The issue in this action can be decided by

means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

77.     <u>Public Policy Considerations</u>: Employers in the Commonwealth of Virginia violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

78.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named Plaintiff and members of the proposed class.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**Brought by Named Plaintiff on Behalf of Himself and all Similarly Situated Employees**

79.     Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

80.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

81.     At all relevant times, Defendants have employed, and continue to employ, "employee[s]," including Named Plaintiff, and each of the members of the prospective FLSA Class, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

82.     At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

83.     The FLSA, pursuant to §§ 206 and 207, requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a single workweek.

84.     At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay for all hours worked by Plaintiffs.

85.     Defendants' failure to pay Plaintiffs for all hours worked, despite the fact that, upon information and belief, Defendants knew of their obligations under the law, entitles Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b), since Defendants cannot show they acted in good faith, and a three (3) year, rather than two (2) year statute of limitations, since Defendants' acts constitute willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a)

86.     As a result of Defendants' unlawful acts, Plaintiffs have been deprived of compensation for all required hours worked, including proper overtime compensation for all hours worked over forty (40) each week, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Violation of the Virginia Minimum Wage Act**
**Virginia Code § 40.1-28.8 *et seq.***
**Brought by Named Plaintiff on Behalf of Himself and all Similarly Situated Employees**

87.     Named Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

88.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs within the meaning of the VMWA.

89.     Defendants employed Named Plaintiff, and similarly situated employees, within the Commonwealth of Virginia.

90.     Virginia Code § 40.1-28.8 *et seq.* provides that, prior to May 1, 2021, every employer shall pay to each of its employees' wages at a rate not less than the federal minimum wage and the payment of a lesser wage than the minimum so fixed is unlawful.

91.     Virginia Code § 40.1-28.8 *et seq.* also provides that "[f]rom May 1, 2021, until January 1, 2022, every employer shall pay to each of its employees' wages at a rate not less than the greater of (i) $9.50 per hour or (ii) the federal minimum wage."

92.     Further, Virginia Code § 40.1-28.8 *et seq.* also provides that "[f]rom January 1, 2022, until January 1, 2023, every employer shall pay to each of its employees wages at a rate not less than the greater of (i) $11.00 per hour or (ii) the federal minimum wage."

93.     During the relevant time period, Defendants paid Named Plaintiff and class members less than minimum wages when they did not pay Named Plaintiff and class members for all hours worked. To the extent these hours do not qualify for the payment of overtime, Named Plaintiff and class members were not being paid at least minimum wages for all hours worked.

94.     During the relevant time period, Defendants regularly failed to pay at least minimum wages to Named Plaintiff and class members for all hours worked pursuant to Virginia Code § 40.1-28.10.

95.     Defendants' failure to pay Named Plaintiff and class members the required minimum wages violate Virginia Code § 40.1-28.10.  Pursuant to Virginia Code § 40.1-29, Named

Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

96.     Pursuant to Virginia Code § 40.1-29, Named Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid, treble damages for a knowing violation, and interest thereon.

97.     Defendants knowingly violated Named Plaintiff and class members' rights under the VMWA.

98.     Pursuant to Virginia Code § 40.1-28.11, whoever knowingly and intentionally violates any provisions of this article shall be punished by a fine of not less than $10 nor more than $200.

**THIRD CAUSE OF ACTION**
**Violation of the Virginia Wage Payment Act**
**For Failure to Pay Proper Wages**
**Virginia Code § 40.1-29 *et seq.***
**Brought by Named Plaintiff on Behalf of Himself and all Similarly Situated Employees**

99.     Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

100.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs within the meaning of the VWPA.

101.    Defendants employed Named Plaintiff, and similarly situated employees, within the Commonwealth of Virginia.

102.    Virginia Code § 40.1-29 *et seq.* provides that it is unlawful to employ persons for over forty (40) hours in a workweek without compensating them at a rate of pay of one and one-half times the person's regular rate of pay.

103.    Pursuant to Virginia Code § 40.1-29 *et seq.*, during the relevant time period, Defendants were required to compensate Named Plaintiff and class members for all overtime hours

worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

104.    Named Plaintiff and class members were non-exempt employees entitled to the protections of the VWPA.

105.    During the relevant time period, Defendants failed to pay Named Plaintiff and class members overtime wages for all overtime hours worked.

106.    In violation of the VWPA, Defendants have knowingly and willfully refused to perform their obligations and compensate Named Plaintiff and class members for all wages earned and all hours worked, including unpaid work performed as alleged above.

107.    Defendants' failure to pay Named Plaintiff and class members the unpaid balance of overtime compensation, as required by Virginia law, violates the provisions of the VWPA, and is therefore unlawful.

108.    Pursuant to the VWPA, Named Plaintiff and class members are entitled to recover their unpaid overtime as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees. Additionally, because Defendants knowingly failed to pay wages to Plaintiffs in accordance with the VWPA, Plaintiffs are entitled to an amount equal to triple the amount of wages due.

**FOURTH CAUSE OF ACTION**
**Violation of the Virginia Wage Payment Act**
**For Failure to Provide Accurate Itemized Wage Statements**
**Virginia Code § 40.1-29 *et seq.***
**Brought by Named Plaintiff on Behalf of Himself and all Similarly Situated Employees**

109.    Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

110.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs within the meaning of the VWPA.

111.    Defendants employed Named Plaintiff, and similarly situated employees, within the Commonwealth of Virginia.

112.    Virginia Code § 40.1-29(c) requires Defendants to provide each employee with an accurate wage statement, in writing, by a paystub or online accounting, that shows the name and address of the employer; the number of hours worked during the pay period if the employee is paid on the basis of (i) the number of hours worked or (ii) a salary that is less than the standard salary level adopted by regulation of the U.S. Department of Labor pursuant to § 13(a)(1) of the federal FLSA, 29 U.S.C. § 213(a)(1), as amended, establishing an exemption from the Act's overtime premium pay requirements; the rate of pay; the gross wages earned by the employee during the pay period; and the amount and purpose of any deductions therefrom. The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated.

113.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Virginia Code § 40.1-29(c) on wage statements that were provided to Named Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the total hours worked by Named Plaintiff and class members, in addition to the basis of pay which Defendants compensated Named Plaintiff and class members.

114.    As a result of Defendants' knowing and intentional failure to comply with Virginia Code § 40.1-29(c), Named Plaintiff and class members have suffered injury and damage to their statutorily protected rights.  Specifically, Named Plaintiff and class members are deemed to suffer an injury pursuant to Virginia Code §§ 40.1-29(e) and 40.1-29(k) where, as here, Defendant intentionally violated Virginia Code 40.1-29(c).  Named Plaintiff and class members were denied

both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Virginia Code 40.1-29(c).

115.    Pursuant to Virginia Code 40.1-29(j), in addition to any civil or criminal penalty provided by the VWPA, if an employer fails to pay wages to an employee in accordance with the VWPA, the employee may bring an action, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorneys' fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with the VWPA, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorneys' fees and costs.

<u>**PRAYER FOR RELIEF**</u>

Named Plaintiff, on behalf of himself and on behalf of all others similarly situated, pray for relief and judgment against Defendants, as follows:

1.    For certification of this action as a collective action under the FLSA, including certifying the Class alleged by Named Plaintiff;

2.    To issue notice of this collective action at the earliest possible time, or allow Named Plaintiff to do so, to all individuals who were, are, or will be employed by Defendants in Virginia as delivery drivers, or other similar positions, who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

3.    For appointment of Named Plaintiff as the class representative;

4.    For appointment of Robert W.T. Tucci, of The Spiggle Law Firm, PLLC, as lead class counsel for all purposes;

5.      For appointment of Francisco E. Mundaca, of The Spiggle Law Firm, PLLC, as co-counsel for all purposes;

6.      For appointment of Ashley Collette, of The Spiggle Law Firm, PLLC, as co-counsel for all purposes;

7.      For certification of this action as a class action under the VMWA and VWPA, and designate Named Plaintiff as the representative on behalf of all those similarly situated under the VMWA and VWPA class;

8.      Award Named Plaintiff and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Named Plaintiff and those similarly situated Class Plaintiffs and an award of liquidated damages as provided by the FLSA, VMWA, and VWPA, including an award of treble damages if the Court deems so appropriate;

9.      Award Named Plaintiff and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

10.     Award Plaintiffs attorneys' fees, costs, and interest pursuant to the FLSA, U.S.C. § 216(b), and pursuant to the VMWA, Virginia Code § 40.1-28.8 *et seq*., and VWPA, Virginia Code § 40.1-29 *et seq*.; and

11.     Award Named Plaintiff and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ *Francisco Mundaca*
Francisco Mundaca
Virginia State Bar No. 97446

Robert W.T. Tucci
*Pro Hac Vice admission pending*
Virginia State Bar No. 55014
Ashley Collette
*Pro Hac Vice admission pending*
North Carolina Bar No. 54794
THE SPIGGLE LAW FIRM, PLLC
3601 Eisenhower Ave
Alexandria, Virginia 22304
Telephone:      (202) 449-8527
Facsimile:      (202) 517-9179
E-Mail: fmundaca@spigglelaw.com
            rtucci@spigglelaw.com
            acollette@spigglelaw.com

*Counsel for Named Plaintiff and all others similarly situated*