IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GERARDO ARISTIZABAL, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:22-cv-00529-MSN-LRV <br><br> Hon. Michael S. Nachmanoff |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Gerardo Aristizabal respectfully requests that the Court approve the Settlement Agreement and Release (the "Agreement") that he reached with Defendants JAK Logistics, Inc. ("JAK") and KERAJ Industries, Inc. ("KERAJ"), which results in full resolution of this case brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Virginia Wage Payment Act, Va. Code Ann. §§ 40.1-29, *et seq.* Plaintiff believes that claims under the FLSA, like those released by Plaintiff in the Agreement, may not be waived or released without United States Department of Labor or district court approval. Defendants JAK, KERAJ, and FedEx Ground Package System, Inc. ("FedEx Ground") do not oppose this Motion.

**I.  INTRODUCTION**

Plaintiff seeks Court approval of the Agreement, *see* **Exhibit A**, because claims under the FLSA may not be waived or released without United States Department of Labor or court approval. *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007*)* ("[U]nder the FLSA . . . there is a judicial prohibition against the unsupervised waiver or settlement of claims." (citing *D.A.*

*Schulte, Inc. v. Gangi*, 328 U.S. 108, 114–16 (1946)); *see also Baust v. City of Va. Beach*, 574 F. Supp. 3d 358, 363 (E.D. Va. 2021) ("All FLSA settlements must be approved either by the United States Department of Labor or the court." (quoting *Carr v. Rest Inn, Inc.*, No. 2:14-cv-00609, 2015 WL 5177600, at *2 (E.D. Va. Sept. 3, 2015) (collecting cases)); *Hendrix v. Mobilelink Virginia, LLC*, No. 2:16-cv-00394, 2017 WL 2438067, at *1 (E.D. Va. May 26, 2017) ("Back wage claims under FLSA may be settled only (1) by a payment of unpaid wages supervised by the Department of Labor, or (2) by a 'stipulated judgment' entered by a court." (quoting *Lynn's Food Stores*, 679 F.2d at 1355)). "Such approval is required for both class actions and individual cases." *Baust*, 574 F. Supp. 3d at 363 (quoting *Carr*, 2015 WL 5177600, at *2).

## II.   LEGAL STANDARD

Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts in this district follow the Eleventh Circuit's framework in *Lynn's Food Stores*. *See, e.g.*, *id.*; *Gagliastre v. Capt. George's Seafood Rest., LP*, No. 2:17-cv-00379, 2019 WL 2288441, at *1 (E.D. Va. May 29, 2019); *Kuntze v. Josh Enters., Inc.*, No. 2:18-cv-00038, 2019 WL 2179220, at *1 (E.D. Va. May 20, 2019); *Pili v. Patel*, No. 3:18-cv-00317, 2019 WL 8888162, at *1 (E.D. Va. Feb. 19, 2019); *Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014).

Under the *Lynn's Food Stores* framework, a district court must first assess whether "there are FLSA issues that are 'actually in dispute.'" *See Kuntze*, 2019 WL 2179220, at *1 (quoting *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *3 (D. Md. 2013)). "Next, the district court must determine whether the settlement is 'a reasonable compromise over [the] issues.'" *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354); *see also Singletary v. Sterling Transp. Co., Inc.*, No. 2:12-cv-00298, 2012 WL 12875517, at *2 (E.D. Va. Dec. 14, 2012). "There is a 'strong presumption in

2

favor of finding a settlement fair' that the court should keep in mind when determining whether a settlement is fair, adequate and reasonable." *Gagliastre*, 2019 WL 2288441, at *1 (quoting *LaFleur*, 189 F. Supp. 3d at 593).

Courts also must review awards of attorneys' fees in FLSA settlements. *See Baust*, 574 F. Supp. 3d at 364 (citing *Carr*, 2015 WL 5177600, at *3); *see also Franklin v. Va. Int'l Terminals, LLC*, No. 2:19-cv-00066, 2020 WL 13605443, at *1 (E.D. Va. Feb. 26, 2020); *Patel*, 15 F. Supp. 3d at 656–57. "[T]he FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Baust*, 574 F. Supp. 3d at 364 (quoting *Carr*, 2015 WL 5177600, at *3). In the case of contingent fees agreed to in an FLSA settlement agreement, the court "must find '(1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach.'" *Hendrix*, 2017 WL 2438067, at *2 (quoting *Ovalle v. LTTC Enters.*, 2014 U.S. Dist. LEXIS 113990, at *1 (D. Md. Aug. 13, 2014) (emphasis omitted) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.")); *see also Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992) (requiring that a contingent fee awarded in a FLSA case also be reasonable under the lodestar approach).

### III. ARGUMENT

#### A. There Are FLSA Issues Actually in Dispute

As to the first issue, namely whether there are FLSA issues actually in dispute, courts "examine the pleadings in the case, along with the representations and recitals in the proposed

settlement agreement." *Brockman*, 2018 WL 4956514, at *2 (quoting *Dupree*, 30 F. Supp. 3d at 408). There are FLSA issues actually in dispute in this matter, including whether Plaintiff was entitled to overtime and, if so, whether he was paid overtime appropriately. And, as to FedEx Ground, whether there was even an employment relationship at all.

The court in *Kuntze* found an actual dispute to exist where the parties disagreed on whether the plaintiff was properly classified as exempt from overtime, whether the plaintiff was owed time-and-a-half overtime or was appropriately paid under the half-time rate of the fluctuating workweek method, and, if the plaintiff was misclassified, whether the misclassification was willful. *See Kuntze*, 2019 WL 2179220, at *2. The court also noted that it was "confident that a bona fide FLSA dispute exist[ed] because . . . it conducted a hearing and issued an opinion on [the d]efendant's motion to dismiss that analyzes such disputes in detail." *Id.* In *Brockman*, the court found FLSA issues actually in dispute where the defendants contested the plaintiffs' claims and filed an answer denying the plaintiffs' allegations. *Brockman*, 2018 WL 4956514, at *3. Moreover, the parties' proposed settlement agreement specifically stated that it was not an admission of wrongdoing, indicating that the parties continued to dispute the defendants' liability. *Id.*

Here, notwithstanding the Court's dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 23 and denial of Plaintiff's motion for conditional certification, there continue to be actual FLSA issues in dispute. The parties' pleadings "demonstrate an actual disagreement as to the factual allegations that undergird the action." *See id.*, at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1354). Plaintiff maintains that his wage statements did not list the hours that he worked and, as in *Kuntze*, that he was not paid at the appropriate time-and-a-half overtime rate for the time he worked in excess of 40 hours each week. *See id.* JAK and KERAJ deny all of these allegations. *See* Defs. JAK and KERAJ's Answer and Defenses at 6, ECF 62. FedEx Ground denies that it

employed Plaintiff in any capacity, and maintains that it did not issue wage statements to Plaintiff or pay Plaintiff any wages, including overtime, because it never employed him. *See generally* Def. FedEx Ground's Answer and Defenses to Pl.'s Sec. Am. Compl., ECF 63. These denials show that there are FLSA issues actually in dispute. *See Brockman*, 2018 WL 4956514, at *3. Moreover, as in *Kuntze*, the Court conducted a hearing on JAK's and KERAJ's motion to dismiss and the Court in this matter also heard argument on Plaintiff's motion for conditional certification. And, as in *Brockman*, the Agreement is not an admission of Defendants' wrongdoing; rather, Defendants deny any wrongdoing. Accordingly, the Court should find a bona fide dispute in this matter.

      **B.**      **The Agreement Is Fair and Reasonable**

In determining whether a settlement is a "reasonable compromise," courts consider the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Kutze*, 2019 WL 2179220, at *1 (quoting *Saman* 2013 WL 2949047, at *3); *see also LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016); *In re Dollar Gen. Stores FLSA Litig.*, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-01310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009). In considering these factors, "the court keeps in mind the strong presumption in favor of finding a settlement fair." *See Baust*, 574 F. Supp. 3d at 365.

5

1. **The Discovery that Has Taken Place Supports Approval**

The Court's scheduling order requires discovery to be completed on March 10, 2023, and the parties have engaged in significant discovery. *See* Rule 16(b) Scheduling Order at 1, ECF 72. Plaintiff served requests for production and interrogatories to all Defendants. JAK and KERAJ served requests for production and interrogatories on Plaintiff. FedEx Ground served requests for admission, requests for production, and interrogatories. Plaintiff produced documents on November 9, 2022; November 22, 2022; and January 6, 2023. JAK and KERAJ produced documents on December 13, 2022; December 20, 2022; January 30, 2023; and February 3, 2023. FedEx Ground produced documents on November 9, 2022; November 15, 2022; November 17, 2022; and December 13, 2022. JAK, KERAJ, and FedEx Ground took Plaintiff's deposition on December 16, 2022. Collectively, the parties produced more than 6,400 pages of documents. The parties have had "adequate time to conduct sufficient discovery [and] to 'fairly evaluate the liability and financial aspects of [the] case.'" *See Kuntze*, 2019 WL 2179220, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11). Accordingly, the Court should find this factor weighs in favor of approving the Agreement.

2. **The Late Stage of the Proceedings, Including the Complexity, Expense, and Likely Duration of the Litigation, Support Approval**

This matter is at a late stage of the proceedings, which weighs in favor of approval. Discovery is due to be completed on March 10, 2023. The final pretrial conference will be held on March 16, 2023, and trial will be held four to eight weeks after that. Plaintiff, JAK, and KERAJ have had ample time to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Lomascolo*, 2009 WL

3094955, at *11. Although the case is not terribly complex, without the Court's approval of the Agreement and dismissal of the action with prejudice, the litigation could continue for at least two more months of costly trial preparation and trial. These circumstances weigh in favor of approval of the Agreement. *See Baust*, 574 F. Supp. 3d at 365–66; *but see Kuntze*, 2019 WL 2179220, at *2 (finding early stages to favor of approval because early settlement could avoid costly litigation).

### 3. There Was No Fraud or Collusion in the Agreement

The third factor looks at whether there has been any fraud or collusion in reaching the settlement. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *See Baust*, 547 F. Supp. 3d at 366 (quoting *Davis v. BT Ams. Inc.*, No. 2:16-cv-206, 2017 WL 11506967, at *4 (E.D. Va. May 10, 2017)); *see also Lomascolo*, 2009 WL 3094955, at *12. This factor weighs in favor of the Court's approval of the Agreement because there has been no fraud of collusion in reaching the Agreement that could have compromised the bargaining process. As in *Baust*, 574 F. Supp. 3d at 366, and *Kuntze*, 2019 WL 2179220, at *3, Plaintiff, on the one hand, and JAK and KERAJ, on the other hand, negotiated at arm's length for several weeks involving numerous exchanges, and no signatory objects to the Agreement. *See also Brockman*, 2018 WL 4956514, at *3.

### 4. Plaintiff Has Been Represented by Experienced Counsel

The next factor looks to whether the plaintiff has been represented by sufficiently experienced counsel who was able to vigorously advocate for the plaintiff's position. Throughout this litigation, Plaintiff has been represented by experienced and competent counsel. Plaintiff's counsel, Robert Tucci, has nearly four years of experience in wage-and-hour matters, including complex collective and class actions, and has served as counsel and class counsel for plaintiffs in over twenty (20) wage and hour matters in federal courts throughout the Fourth Circuit. *See* Tucci

Decl., ¶ 3. Plaintiff's pleadings, briefs, and oral and written arguments show "sufficient 'knowledge of the procedures in this court, the applicable law, and the factual basis for the claims and defenses necessary to provide competent legal advice.'" *See Kuntze*, 2019 WL 2179220, at *3 (quoting *Hargrove v. Ryla Teleservs., Inc.*, No. 2:11-cv-00344, 2013 WL 1897027, at *3 (E.D. Va. Apr. 12, 2013), *report and recommendation adopted*, 2013 WL 1897110, at *1 (E.D. Va. May 3, 2013)); *see also Baust*, 574 F. Supp. 3d at 366; *Brockman*, 2018 WL 4956514, at *4. The Court should find that this factor also weighs in favor of approval of the Agreement.

### 5. The Opinions of Counsel Support Approval

The fifth factor looks to the opinions of counsel. Counsel for Plaintiff as well as JAK and KERAJ's counsel have endorsed the Agreement as fair and reasonable, which the Court should find weighs in favor of approving the Agreement. *See Kuntze*, 2019 WL 2179220, at *3 (affording "some weight" to counsel's opinion of the fairness and reasonableness of a settlement); *see also Brockman*, 2018 WL 4956514, at *4. FedEx Ground has no opposition to the Agreement or the Court's approval of it.

### 6. The Probability of Plaintiff's Success on the Merits and the Settlement Amount in Relation to the Potential Recovery Support Approval

Finally, the Court must consider "the probability of [P]laintiff['s]success on the merits and the amount of the settlement in relation to the potential recovery." *See Hendrix*, 2017 WL 2438067, at *1. In weighing this factor, some courts look at the plaintiff's settlement sum as a percentage of the maximum amount of the plaintiff's potential recovery. Courts have found a range of settlements to be fair and reasonable. *See, e.g.*, *Baust*, 547 F. Supp. 3d at 366–67 (finding a settlement of 25% of the plaintiffs' maximum potential recovery to be fair when combined with attorneys' fees); *Smith v. Q.E.D. Sys., Inc.*, No. 2:19-cv-00215, 2020 WL 975368, at *3 (E.D. Va.

Feb. 11, 2020), *report and recommendation adopted*, 2020 WL 974416 (E.D. Va. Feb. 28, 2020) (finding 60% fair); *Kuntze*, 2019 WL 2179220, at *3 (finding a recovery of "just above 50% of what [the p]laintiff could receive" to be fair to both parties); *Brockman*, 2018 WL 4956514, at *4 (finding 40–50% fair); *Funkhouser v. City of Portsmouth*, No. 2:13-cv-00520, 2015 WL 12765639, at *3 (E.D. Va. May 14, 2015) (finding 30% fair given the "relative difficulty" in the plaintiffs proving their claims); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014) (finding 80% to be fair). Courts also consider the strength of the plaintiff's claims. *See, e.g.*, *Davis*, 2017 WL 11506967, at *5 (finding a $250 settlement fair because the plaintiffs' claims were "based on their memories, with very little documentation").

Plaintiff, on the one hand, and JAK and KERAJ, on the other hand, dispute the probability of Plaintiff's success on the merits at trial, but agree that a jury would have to decide multiple factual issues that would bear on Plaintiff's ultimate recovery—or lack thereof.

Plaintiff believes that if he were successful at trial, his potential recovery would amount to all unpaid overtime as well as potentially liquidated and/or treble damages, in addition to an award of attorneys' fees and costs. JAK and KERAJ maintain that a jury would not find Plaintiff entitled to any recovery because he did not drive light vehicles and, therefore, was exempt from overtime compensation at all times. JAK and KERAJ further argue that Plaintiff has been fully paid in the weeks he claims otherwise, and his claims are supported only by his own memory and contrary to documentary evidence. So, according to Defendants, even if Plaintiff could prove that FedEx Ground jointly employed him with JAK and KERAJ, there would be no liability and no recovery. And FedEx Ground continues to maintain that it did not jointly employ Plaintiff at all, was not involved in any aspect of Plaintiff's compensation in any way and would have vigorously defended

this issue at trial. Plaintiff's potential recovery therefore ranges from zero to $9,261.30 (assuming an award of treble damages).

Under the Agreement, Plaintiff will receive $6,000.00, which amounts is a substantial portion of the maximum, is nearly double his alleged actual damages, and exceeds Plaintiff's worst-case scenario of recovering nothing and having to pay his litigation costs. Given the uncertainty over any recovery at all should the matter proceed to a jury trial, the possibility of Plaintiff's full recovery does not outweigh the benefits of settling this case now, with the added benefit of having his attorneys' fees paid. The Court should find a recovery of 64.8% of Plaintiff's maximum potential recovery to be fair and to favor approval of the Agreement. *See Smith*, 2020 WL 975368, at *3; *Kuntze*, 2019 WL 2179220, at *3.

### C. The Amount of Attorneys' Fees and Costs in the Agreement are Reasonable

The Agreement provides for $20,000.00 in attorneys' fees and costs paid to Plaintiff's counsel. The Court should find this to be reasonable in light of the hours Plaintiff's counsel worked and the expenses his counsel reasonably incurred. The Fourth Circuit has provided a three-step process for courts to determine the reasonableness of attorneys' fees: "(1) determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) evaluate the degree of success of the plaintiffs." *See Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 22 (4th Cir. 2019) (unpublished). This process is used to decide fee disputes. Where the parties have agreed on an amount of fees, courts give some deference to the parties' agreement and also consider the "lodestar princip[les] 'as a guide' or a 'cross check' to assessing the fairness of the negotiated sum." *Davis*, 2017 WL 11506967, at *3 (quoting *Stone v. SRA Int'l, Inc.*, No. 2:14-cv-00209, 2015 WL 12748271, at *3 (E.D. Va. Mar. 20, 2015)); *see also Hendrix*, 2017 WL 2438067, at *2 (explaining that, in the case of contingent fees agreed to in a FLSA

10

settlement agreement, the court "must find (1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach" (internal quotations omitted)). "[T]he lodestar amount . . . is defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Carr*, 2015 WL 5177600, at *3 (quoting *Grissom v. Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008)).

When considering the appropriateness of an amount of attorneys' fees in fee disputes, courts weigh 12 factors. *See Gomez v. Seoul Gool Dae Gee Inc.*, 434 F. Supp. 3d 381, 384 (E.D. Va. 2020) (citing *Grissom*, 549 F.3d at 320–21); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28; *see also Randolph*, 715 F. App'x at 230 n.2; *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009). The Court need only consider those factors that are applicable, and the Court does not consider the factors a second time if the factors have already been incorporated in the Court's lodestar analysis. *See LaFleur*, 189 F. Supp. 3d at 595 (citing *E. Associated Coal Corp. v. Dir., OWCP*, 724 F.3d 561, 570 (4th Cir. 2013); *Baust*, 574 F. Supp. 3d at 364; *Gomez*, 434 F. Supp. 3d at 384 (citing *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 376 (4th Cir. 1996)).

### 1. The Fees are Reasonable under the Lodestar Analysis

Plaintiff's counsel's total lodestar in this matter is $94,596.00. *See* Tucci Decl. at ¶ 5. Plaintiff also incurred $5,290.73 in costs and expenses in prosecuting this matter. *See id.* The Court first calculates the lodestar amount by multiplying a reasonable hourly rate for Plaintiff's counsel by the number of hours reasonably expended. *See Baust*, 574 F. Supp. 3d at 367. There is a "strong presumption" that the lodestar figure is reasonable. *Page v. Va. State Bd. of Elections*, No. 3:13-cv-00678, 2015 WL 11256614, at *2 (E.D. Va. Mar. 11, 2015) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

For the reasons discussed below, the $20,000 in fees and expenses in the proposed settlement is a reasonable recovery when compared to counsel's lodestar.

#### a. Plaintiff's Counsel's Hourly Rates Are Reasonable

Mr. Tucci's hourly rate is $415 per hour and Mr. Tucci's paralegals billed at $250 per hour. *See* Tucci Decl. at ¶ 4. The hourly rates charged by timekeepers at Plaintiff's counsel's firm are reasonable and consistent with their experience and the prevailing rates for other FLSA fee awards in this district. *See, e.g.*, *Baust*, 574 F. Supp. 3d at 567 n.3 (finding hourly rates ranging from $100 for paralegals to $430 for attorneys with 12 years of experience to be reasonable); *LaFleur*, 189 F. Supp. 3d at 597–98 (finding hourly rates ranging from $75 to $475 reasonable); *Carr*, 2015 WL 5177600, at *4 (finding $500 hourly rate "reasonable based on [the attorney's] experience and competence, and the nature of [the case]").

#### b. Plaintiff's Counsel's Hours Included in the Fee Are Reasonable

The parties have spent a substantial amount of time litigating this case. Plaintiff's counsel defended a motion to dismiss, conducted discovery, prepared his client for a deposition taken by three Defendants and two different sets of defense lawyers, and negotiated with Defendants. The

hours that Plaintiff's counsel expended on this case and subsumed into the Agreement, from filing to the eve of trial, are reasonable. *See, e.g.*, *Davis*, 2017 WL 11506967, at *6 (finding 169.05 hours to be reasonable for discovery plan, motion for certification, and hearing on motion for certification); *Carr*, 2015 WL 5177600, at *4 (finding 154.5 hours reasonable where the parties engaged in written discovery, took three depositions, and disclosed an expert, but did not brief conditional certification or any dispositive motions); *Galvez v. Americlean Servs. Corp.*, No. 1:11-cv-01351, 2012 WL 2522814, at *5 (E.D. Va. June 29, 2012) (finding 151.3 hours reasonable for "client meetings, creating a discovery plan, responding to interrogatories, telephone calls and meetings with witnesses, review of payroll records and other documents, and [a] deposition"); *Edelen v. Am. Residential Servs., LLC*, 2013 WL 3816986, at *13 (D. Md. July 22, 2013) (finding approximately 175 hours appropriate); *Hargrove*, 2013 WL 1897027, at *7 (finding reasonable 230 hours in attorney work for "drafting pleadings, retaining local counsel, meeting with clients, preparing discovery, preparing and defending the named plaintiff's deposition, and preparing and attending hearings and mediation," as well as 250 hours in support staff work for "drafting and reviewing documents and discovery, as well as communicating with clients").

### c. The *Barber* Factors Support Agreement's Fees

The *Barber* factors support the $20,000 in fees and costs provided in the Agreement. The first, second, third, and ninth factors concern the attorney's time, labor, and skill, as well as the novelty and difficulty of the matter. *See Barber*, 577 F.2d at 226 n.28. FLSA wage-and-hour matters are "fact intensive, requiring significant commitments of time and personnel to litigate," *see Baust*, 574 F. Supp. 3d at 369 (quoting *Davis*, 2017 WL 11506967, at *6); *Hargrove*, 2013 WL 1897027, at *7, and this matter involved additional issues, including exemptions and theories of liability. As discussed above, Plaintiff's counsel's fees are customary for like work, so the fifth

13

and twelfth *Barber* factors also support Plaintiff's lodestar. Accordingly, the Court should therefore find the Agreement's provided compensation for Plaintiff's attorneys' fees and total costs of $20,000 to be reasonable because it is a product of counsel's reasonable hourly rate and hours reasonably expended and is supported by the *Barber* factors.

### 2. The Fee Agreement Does Not Include Unsuccessful Claims

The second step is to "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *See Randolph*, 780 F. App'x at 22. In this case, the amount of fees provided for in the in Agreement does <u>not</u> include hours expended on any of the unsuccessful portions of Plaintiff's case.[1] The remainder of Plaintiff's counsel's time was spent on the litigation as a whole and is compensable. *See Randolph*, 780 F. App'x at 22–23 ("Where the plaintiff's claims involve 'a common core of facts' or are based on 'related legal theories,' then '[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.' In that instance, the court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

### 3. Plaintiff's Success

Finally, the Court looks to the plaintiff's success. The Fourth Circuit has explained that, "[i]n attempting to quantify success, the court '*must* compare the amount of damages sought to the

---

[1] The Court granted in part JAK's and KERAJ's motion to dismiss, *see generally* Amended Order, ECF 43, dismissing Plaintiff's state-law claims without prejudice because they were brought under Rule 23, rather than under the FLSA's collective action procedures. *See id*. at 1. The Fourth Circuit Court of Appeals denied the appeal of that ruling. The Court also denied Plaintiff's motion for conditional certification. *See* Motion Hearing, ECF 87.

amount awarded.'" *Id.* (quoting *Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005)). Here, Plaintiff's requested relief was based upon his own recollection of overtime hours worked, without a fixed damages demand. The Agreement's provision of damages to Plaintiff likely represents the upper end of whatever unpaid overtime that Plaintiff may have been able to prove at a trial. Plaintiff's counsel thus secured all or a large percentage of what Plaintiff might have recovered, which supports the $20,000.00 in negotiated Plaintiff's attorneys' fees and costs. Although Defendants do not admit any wrongdoing and maintain that Plaintiff would not be successful at trial, the amount Plaintiff will be awarded in this Agreement is close to the amount he sought. Indeed, "[a] compromise is the essence of a settlement" and "inherent in compromise is a yielding of absolutes and abandoning of highest hopes." *Lomascolo*, 2009 WL 3094955, at *10 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Moreover, courts have approved similar awards of fees. *See, e.g.*, *Davis*, 2017 WL 11506967, at *6 (approving award where attorneys' fees represented 75 percent of the total recovery); *Spencer v. Cent. Servs., LLC*, No. CCB 10-03469, 2012 WL 142978, at *4 n.4 (D. Md. Jan. 13, 2012) (approving approximately $57,000 in attorneys' fees and costs for a total recovery of $11,500 for three plaintiffs). This is because "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover [] because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Spencer*, 2012 WL 142978, at *4 n.4 (quoting *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (alterations omitted)).

## IV.   CONCLUSION

For the foregoing reasons, and consistent with the "overriding public interest in favor of settlement," *Lomascolo*, 2009 WL 3094955, at *10, as well as the "strong presumption in favor of

finding a settlement fair," *id.* (quoting *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)), *see also Morris v. Cumberland Cnty. Hosp. Sys., Inc.*, 2014 WL 12780144, at *1 (E.D.N.C. Mar. 26, 2014) (noting presumption in favor of finding settlement fair), Plaintiff respectfully requests that the Court enter the accompanying proposed order, approve the Agreement, and dismiss this action with prejudice.

Date: March 13, 2023            Respectfully submitted,

*/s/ Robert Tucci*
Robert W.T. Tucci (VA SB No. 97446)
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142
Email: rtucci@zagfirm.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 13th day of March, 2023, I served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT** using the following email addresses:

- **Mark Emilio Abrajano**
  mabarajano@protoraelaw.com

- **Brian Chandler**
  bchandler@protoraelaw.com

- **Anwar Graves**
  agraves@omm.com

- **Gregory F. Jacob**
  gjacob@omm.com

- **James B. Kinsel**
  jkinsel@protoraelaw.com, egiunta@protoraelaw.com

- **David J. Schaller**
  schaller@wtotrial.com

- **Scott Voelz**
  svoelz@omm.com


                                                */s/ Robert Tucci*
                                                Robert W.T. Tucci