IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GERARDO ARISTIZABAL,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX GROUND PACKAGE SYSTEM INC., *et al.*,<br>　　　　　Defendants. | No: 1:22-cv-00529–MSN-LRV |

## **CONSENT ORDER**

This matter comes before the Court on Plaintiff's Motion for Approval of Settlement (Dkt. No. 90). Plaintiff seeks court approval of a settlement agreement which would resolve this action brought by Plaintiff Gerardo Aristizabal under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, et seq.; and the Virginia Wage Payment Act, Va. Code Ann. §§ 40.1-29, et seq. Upon consideration of the memorandum in support thereof, the proposed Settlement and General Release ("Agreement") executed by Plaintiff Aristizabal and Defendants JAK Logistics, Inc. ("JAK") and KERAJ Industries, Inc. ("KERAJ"), the accompanying affidavit by Plaintiff's counsel, by their respective counsel, submit and consent to entry of this order, and the fact that JAK, KERAJ, and Defendant FedEx Ground Package System, Inc. ("FedEx Ground," collectively, "Defendants") the Court finds the Agreement to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and further finds the attorneys' fees and expenses negotiated under the Agreement to be reasonable.

**I.　　LEGAL STANDARD**

"All FLSA settlements must be approved either by the United States Department of Labor or the court." *Carr v. Rest Inn, Inc.*, No. 2:14cv609, 2015 WL 5177600, at *2 (E.D. Va. Sept. 3,

2015) (collecting cases). "Such approval is required for both class actions and individual cases." *Id.* The Court must determine whether the proposed Agreement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Minsterman v. S.L. Nusbaum Realty Co.*, No. 2:10-cv-303, 2011 WL 9687817, at *1 (E.D. Va. Jan. 21, 2011) (quoting *Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin.*, Wage and Hour Div., 679 F.2d 1350, 1355 (11th Cir. 1982)).

The court must also review awards of attorneys' fees in a FLSA case. *Carr*, 2015 WL 5177600, at *3. Under the fee-shifting provision of the FLSA, the court "shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "[T]he FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* (cleaned up). The Fourth Circuit has identified a three-step process for arriving at a reasonable attorney's fee: "(1) determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) evaluate the degree of success of the plaintiffs." *Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 22 (4th Cir. 2019).

## II.     ANALYSIS

### A.     BONA FIDE FLSA DISPUTE

FLSA issues are actually in dispute in this matter, including whether Aristizabal was entitled to overtime and whether he was paid overtime appropriately. As to FedEx Ground, the issue of whether there was even an employment relationship with Aristizabal is in dispute. The parties' pleadings demonstrate an actual disagreement as to the factual allegations that undergird this action. Plaintiff maintains that his wage statements did not list the hours that he worked and that he was not paid at the appropriate time-and-a-half overtime rate for the time he worked in excess

2

of 40 hours each week. JAK and KERAJ deny these allegations. FedEx Ground denies that Aristizabal was its employee, and that it had no control over payments to Aristizabal because it never employed him. These denials show that there are FLSA issues actually in dispute.

### B. FAIR AND REASONABLE SETTLEMENT

In determining whether a settlement is a reasonable compromise, courts consider the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Kuntze v. Josh Enters., Inc.*, No. 2:18-cv-00038, 2019 WL 2179220, at *1 (E.D. Va. May 20, 2019).

First, the parties have been engaged in discovery for several months. The Court's scheduling order requires discovery to be completed on March 10, 2023. *See* Rule 16(b) Scheduling Order (Dkt. No. 72). Plaintiff served requests for production and interrogatories to all Defendants. JAK and KERAJ served requests for production and interrogatories on Plaintiff. FedEx Ground served requests for admission, requests for production, and interrogatories. Defendants took Plaintiff's deposition on December 16, 2022. *See* Pl. Mem. (Dkt. No. 91) at 6. The parties have therefore had "adequate time to conduct sufficient discovery [and] to 'fairly evaluate the liability and financial aspects of [the] case.'" See Kuntze, 2019 WL 2179220, at *2 (quoting Lomascolo, 2009 WL 3094955, at *11).

Second, the matter is at a later stage in the proceedings. Plaintiff, JAK, and KERAJ have had ample time to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Lomascolo*, 2009

3

WL3094955, at *11. Aristizabal acknowledges that the case is not particularly complex, but acknowledges that litigation, including trial and preparation, could continue for two months and would be costly to both parties. These circumstances weigh in favor of approval of the Agreement. *See Baust v. City of Va. Beach*, 574 F. Supp. 3d 358, 365–66 (E.D. Va. 2021).

Third, "[t]here is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *See Davis v. BT Ams. Inc.*, No. 2:16-cv-206, 2017 WL 11506967, at *4 (E.D. Va. May 10, 2017). In this case, there is no evidence that fraud, collusion, or a conflict of interest tainted the bargaining process. Aristizabal, on the one hand, and JAK and KERAJ, on the other hand, negotiated at arm's length and neither Arisitizabal nor Defendants object to the Agreement.

Fourth, Aristizabal was represented by experienced counsel. Aristizabal's counsel, Robert Tucci, has nearly four years of experience in wage-and-hour matters, including complex collective and class actions, and has served as counsel and class counsel for plaintiffs in more than twenty wage-and-hour matters in federal courts throughout the Fourth Circuit. *See* Tucci Decl. (Dkt. No. 91-2) ¶ 3.

Fifth, counsel for Aristizabal and counsel for JAK and KERAJ have endorsed the Agreement as fair and reasonable in this case, which is to be afforded "some weight." *Kuntze*, 2019 WL 2179220, at *3. Nor does FedEx Ground oppose the Agreement or the Court's approval of it.

Finally, the Court considers the probability of Aristizabal's success on the merits and the settlement amount in relation to the potential recovery. Aristizabal, JAK, and KERAJ agree that "a jury would have to decide multiple factual issues that would bear on Plaintiff's ultimate recovery—or lack thereof." Pl. Mem. at 9. Aristizabal's memorandum outlines the factual disputes that would need to be resolved and Aristizabal's potential recovery at trial. *Id.* ("Plaintiff believes

4

that if he were successful at trial, his potential recovery would amount to all unpaid overtime as well as potentially liquidated and/or treble damages, in addition to an award of attorneys' fees and costs. JAK and KERAJ maintain that a jury would not find Plaintiff entitled to any recovery because he did not drive light vehicles and, therefore, was exempt from overtime compensation at all times. JAK and KERAJ further argue that Plaintiff has been fully paid in the weeks he claims otherwise, and his claims are supported only by his own memory and contrary to documentary evidence. So, according to Defendants, even if Plaintiff could prove that FedEx Ground jointly employed him with JAK and KERAJ, there would be no liability and no recovery. And FedEx Ground continues to maintain that it did not jointly employ Plaintiff at all, was not involved in any aspect of Plaintiff's compensation in any way and would have vigorously defended this issue at trial."). Aristizabal's potential recovery thus ranges from zero to $9,261.30, assuming a trebling of damages. Under the terms of the proposed Agreement, Aristizabal will receive $6,000, which this Court finds to be reasonable given the potential range of recovery following trial and the possibility that Aristizabal could recover anything at all following a trial. The Court therefore finds that a 64.8% of Plaintiff's maximum potential recovery to be fair and to favor approval of the Agreement.

Synthesizing the factors above, the Court finds that the Agreement is fair and reasonable. The Court must next evaluate whether the attorneys' fees are reasonable in this case.

### C. ATTORNEY'S FEES

An independent assessment of attorneys' fees is usually done using the principles of the lodestar method. Where the parties have agreed on an amount of fees, as here, courts give some deference to the parties' agreement and also consider the "lodestar princip[les] 'as a guide' or a 'cross check' to assessing the fairness of the negotiated sum." *Davis*, 2017 WL 11506967, at *3.

The Agreement provides for $20,000.00 in attorneys' fees and costs paid to Aristizabal's counsel. Plaintiff's counsel's affidavit reflects the hours he and other timekeepers spent litigating

5

this matter, their respective hourly rates, and the lodestar figures for each timekeeper. Tucci Decl. ¶ 4. The total lodestar figure in this matter is $94,596. *Id.* ¶ 5. The lodestar figure excludes hours spent on Aristizabal's unsuccessful motion for conditional certification of a collective class and unsuccessful appeal of the Court's order granting in part JAK and KERAJ's motion to dismiss. *See id.* ¶ 8. First, these hourly rates are reasonable, as are the hours included in Plaintiff's counsel's billed time. *See, e.g., Baust*, 574 F. Supp. 3d at 567 n.3 (hourly rates ranging from $100 for paralegals to $430 for attorneys to be reasonable); *Carr*, 2015 WL 5177600, at *4 (finding $500 hourly rate "reasonable based on [the attorney's] experience and competence, and the nature of [the case]" and finding 154.5 hours reasonable where the parties engaged in written discovery, took several depositions, and disclosed an expert). Second, the relevant *Barber* factors weigh in favor of finding the $20,000 fee reasonable.[1] There were complex questions about joint employer liability raised during the litigation. Moreover, "cases brought under the FLSA are fact-intensive, requiring significant commitments of time and personnel to litigate." *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11-cv-344, 2013 WL 1897027, at *7 (E.D. Va. Apr. 12, 2013).

Although the attorneys' fees total $20,000 and represent 77 percent of the total recovery under the Agreement, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover [ ] because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Davis*, 2017 WL 11506967, at *6. Additionally, the lodestar figure is 4.5 times greater

---

[1] The factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).

than the negotiated attorneys' fees under the Agreement. Neither Aristizabal nor Defendants have objected to the attorneys' fees proposed under the Agreement. Accordingly, after consideration of the relevant *Barber* factors, and the lodestar amount "as a guide," the court finds that the negotiated attorneys' fees of $20,000 to be reasonable.

### III. CONCLUSION

For the foregoing reasons, the Court the finds that Settlement Agreement to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and further finds the attorneys' fees negotiated under the Agreement to be reasonable. Accordingly, it is hereby

**ORDERED** that the Settlement Agreement and Release agreed to by Plaintiff Gerardo Aristizabal and Defendants JAK Logistics, Inc. and KERAJ Industries, Inc. is **APPROVED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt No. 60), including all claims against Defendants FedEx Ground Package System, Inc.; JAK Logistics, Inc.; and KERAJ Industries, Inc., alleged therein, is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
March 22, 2023